UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-4817-MWF (MARx) | Date:  August 4, 2021 |
| Title:  Carlos Chavez v. Schlumberger Technology Corporation et al. | |

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT [10]

Before the Court is Plaintiff Carlos Chavez's Motion to Remand Case to Los Angeles County Superior Court (the "Motion"), filed on June 30, 2021.  (Docket No. 10).  Defendant Schlumberger Technology Corporation ("STC") filed an opposition on July 12, 2021.  (Docket No. 14).  Plaintiff filed a reply on July 19, 2021. (Docket No. 15).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on August 2, 2021, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion to Remand is **GRANTED**.  STC has failed to meet its heavy burden of showing that Defendant Timothy Ramey was fraudulently joined.

I.     **BACKGROUND**

On April 29, 2021, Plaintiff commenced this action in Los Angeles County Superior Court.  (Notice of Removal ("NoR"), Ex. 2 ("Complaint") (Docket No. 1-2)).

The Complaint alleges that, while employed at STC as a shop supervisor, Plaintiff was diagnosed with diabetes and developed ulcers and gangrene to his left foot, making it difficult for Plaintiff to walk.  (Complaint ¶¶ 7-8).  Plaintiff informed

---

**CIVIL MINUTES—GENERAL**                                                                                  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4817-MWF (MARx)           **Date:** August 4, 2021

**Title:** Carlos Chavez v. Schlumberger Technology Corporation et al.

his direct supervisor, maintenance manager Defendant Timothy Ramey, of his diabetes diagnosis and its physical effects on Plaintiff. (*Id.* ¶ 8). In or about October 2018, Chavez was put on CFRA leave between October 2018 and May 2019 due to his physical disability. (*Id.* ¶ 10).

After returning to work from CFRA leave in May 2019, Plaintiff was allowed to work in an office, ostensibly to not worsen his disability. (*Id.* ¶ 11). However, in effect, this resulted in Plaintiff being demoted and replaced by his subordinate. (*Id.*). Plaintiff complained to human resources, and his position was eventually restored. (*Id.* ¶ 12). Plaintiff's complaint to human resources upset Ramey, who responded by repeatedly mocking Plaintiff in front of his subordinates during morning and shift change team meetings, which humiliated Plaintiff. (*Id.*).

At times when Plaintiff's disability made it difficult for him to work, Plaintiff's doctor would provide Plaintiff with a note recommending he take off work as needed. (*Id.* ¶ 13). During one such instance, Plaintiff informed Ramey that his doctor had put him off work for one week. (*Id.* ¶ 14). In or about March 2020, Ramey replied, "If you take any more disability time off, you will be laid off because STC is laying people off," or words to that effect. (*Id.* ¶ 15). Due to Ramey's implied threat, rather than take the time off work recommended to him by his doctor, Plaintiff continued to work out of a fear of being included in the layoff, which resulted in the worsening of Plaintiff's physical disability. (*Id.* ¶ 16).

In or about May 2020, Ramey told Plaintiff that he should get a scooter instead of using his cane so that Plaintiff could work faster. (*Id.* ¶ 17). At the end of May 2020, Ramey was scheduled to retire. (*Id.* ¶ 18). Prior to his retirement date, Ramey told Plaintiff that he had spoken to Ramey's replacement, Brandon Reed, and updated Reed about Plaintiff's physical disability. (*Id.*). Following Reed's replacement of Ramey, Reed regularly told Plaintiff that the "supervisor needs to be present in the shop." (*Id.* ¶ 19). Following Reed's constant insistence that Plaintiff be physically present, Plaintiff returned to work, further worsening his condition and necessitating a surgery. (*Id.* ¶ 20). While waiting on approval to have surgery, Plaintiff was laid off by STC, purportedly for cost-saving measures. (*Id.* ¶¶ 21-27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4817-MWF (MARx)                                Date:  August 4, 2021
Title:  Carlos Chavez v. Schlumberger Technology Corporation et al.

Plaintiff alleges nine state law disability discrimination and harassment claims against STC and Ramey:  (1) interference with right to medical leave under the California Family Rights Act ("CFRA"); (2) retaliation for taking medical leave under CFRA; (3) retaliation for taking medical leave under the California Fair Employment and Housing Act ("FEHA"); (4) discrimination under FEHA; (5) failure to accommodate under FEHA; (6) failure to engage in the interactive process under FEHA; (7) harassment under FEHA; (8) failure to prevent harassment, discrimination and retaliation under FEHA; and (9) state law wrongful termination in violation of public policy under FEHA.  (Complaint ¶¶ 34-77).

STC removed this action on June 14, 2021, seeking to establish diversity jurisdiction and alleging that Defendant Ramey — a citizen of California — was fraudulently joined in the action.  (NoR ¶¶ 5-23).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id.* at 1043 (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)) (internal quotation marks omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* at 1042 (citation and quotation marks omitted).  "A defendant invoking federal court diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4817-MWF (MARx)                    Date:  August 4, 2021

Title:  Carlos Chavez v. Schlumberger Technology Corporation et al.

jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation, quotation marks, and internal alterations omitted).

"Fraudulent joinder is established . . . if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (citation, quotation marks, and internal alterations omitted).  "But if there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (citation omitted).  That is, even if a plaintiff's complaint could not withstand a Rule 12(b)(6) motion with respect to a particular resident defendant, the district court must then consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*

### III.  DISCUSSION

Plaintiff asserts that, because Ramey and Plaintiff are both citizens of California, the action must be remanded for lack of diversity jurisdiction.  (Motion at 5-6).  STC contends that complete diversity exists because (1) Ramey was not timely served prior to removal, and (2) Ramey is a sham defendant whose citizenship must be disregarded for diversity jurisdiction purposes.  (Opposition at 3-12).

#### A.  Forum Defendant Rule

STC appears to argue that this Court has diversity jurisdiction over the action because Ramey had not been served at the time of removal, relying on the forum-defendant rule — *i.e.*, that an action cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2).  (*See* Opposition at 4-7).  That is, STC asserts that there was complete diversity of citizenship between Plaintiff and STC at the time of removal because Ramey had not yet been served.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4817-MWF (MARx)  **Date:** August 4, 2021

**Title:** Carlos Chavez v. Schlumberger Technology Corporation et al.

STC's argument is misguided. It is plain that a "lack of complete diversity deprives the Court of subject matter jurisdiction, not the forum defendant rule." *Shaw v. Nike Retail Servs., Inc.*, CV 21-4322-SB (MRWx), 2021 WL 2920612, at *2 (C.D. Cal. July 9, 2021) (citing *Moises v. Par Pac. Holdings, Inc.*, No. CV 20-00533 JAO-RT, 2021 WL 600951, at *1 n.2 (D. Haw. Feb. 16, 2021)). "[W]hen evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served." *Id.* (citing *Lovett v. Bright Horizons Children's Ctr., LLC*, No. SA-20-CV-688-XR, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020); Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal. . . . It is insufficient, for example, that service of process simply has not been made on a non-diverse party.")).

Accordingly, the Court must consider Ramey's citizenship in evaluating diversity jurisdiction, regardless of any service issues.

### B. Fraudulent Joinder

STC contends that Ramey has been fraudulently joined because the Complaint lacks any factual support for an actionable harassment claim against Ramey. (Opposition at 8-12). STC asserts that the facts alleged in the Complaint fail to establish that Ramey mocked Plaintiff *because of* Plaintiff's disability, or that the conduct was severe or pervasive enough to constitute actionable harassment under the FEHA. (*Id.*).

Under the FEHA, a supervisor may be held personally liable for harassment. *See Haligowski v. Superior Court*, 200 Cal. App. 4th 983, 991, 134 Cal. Rptr. 3d 214, 220 (2011) (stating that the FEHA allows supervisors to be held personally liable for harassment, but not discrimination); *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1178 (N.D. Cal. 2003) (stating that under the FEHA, "[a]lthough individual managers cannot be held personally liable for discriminatory 'personnel decisions' [under the FEHA], they may be held personally liable for unlawful 'harassment'") (citing *Reno v. Baird*, 18 Cal. 4th 640, 646-47, 76 Cal. Rptr. 2d 499 (1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4817-MWF (MARx)  **Date:** August 4, 2021
**Title:** Carlos Chavez v. Schlumberger Technology Corporation et al.

Accordingly, this case does not present a situation in Plaintiff is prohibited from stating a FEHA claim against Ramey as a matter of law.  Even accepting STC's arguments as true that the Complaint falls short of stating a harassment claim under the FEHA, this problem could be remedied on amendment if Plaintiff were to allege additional facts demonstrating more severe and pervasive harassment by Ramey, his direct supervisor.  *See Grancare, LLC*, 889 F.3d at 552 ("Because [the diverse defendant's] arguments go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's claims against the non-diverse defendant], they do not establish fraudulent joinder.").

In sum, the burden placed on STC to show fraudulent joinder is heavy; Plaintiff need only show the possibility of stating a claim against Ramey on "***any*** theory." *See Grancare, LLC*, 889 F.3d at 548 (emphasis added).  Because it is plainly permissible for Plaintiff to sue his supervisor for harassment under the FEHA, the Court is satisfied that even if the Complaint could not survive a Rule 12(b)(6) motion or demurrer, it is at least *possible* that Plaintiff could state a FEHA harassment claim against Ramey if granted leave to amend.

Accordingly, the Motion is **GRANTED**.  The action is **REMANDED** to Los Angeles County Superior Court.

Although Plaintiff has prevailed on the Motion, Plaintiff's request for attorneys' fees and costs is **DENIED**.  Even if the high standard for finding fraudulent joinder ultimately requires remand, STC made a nonfrivolous argument in favor of removal.

Because the Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in superior court.

IT IS SO ORDERED.